Citation Nr: 1806321 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 14-16 384 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for a respiratory disability, claimed as due to asbestos exposure. 


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran and his daughter


ATTORNEY FOR THE BOARD

M.W. Kreindler, Counsel


INTRODUCTION

The Veteran served on active duty from September 1960 to September 1968.

This matter came to the Board of Veterans' Appeals (Board) from an August 2010 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran testified before the Board in August 2014. Subsequently, the Board remanded these matters in May 2016 and October 2017.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (2012).


FINDINGS OF FACT

1. The Veteran does not have asbestosis or any other asbestos-related disease.

2. The weight of the evidence is against a finding that a respiratory disorder manifested during service, manifested within a year of separation from service, or is otherwise related to the Veteran's active service.


CONCLUSION OF LAW

The criteria for an award of service connection for a respiratory disability have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (2012); 38 C.F.R. § 3.303 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. VA sent the Veteran a notice letter in March 2010. Next, VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting him in the procurement of service treatment records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

The Board finds that all necessary development has been accomplished with regard to the respiratory claim, to include substantial compliance with the Board's prior remands. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008). The Veteran was afforded VA examinations which are discussed in detail below. Additionally, the Virtual folder contains the Veteran's service treatment records and identified post-service treatment records. No additional evidence has been identified by the Veteran with regard to the claimed disability.

As such, the Board will proceed to the merits.

Criteria & Analysis

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. 

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); 38 C.F.R. § 3.303. 

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden/Caluza element is through a demonstration of continuity of symptomatology. Barr v. Nicholson, 21 Vet. App. 303 (2007); see Savage v. Gober, 10 Vet. App. 488, 495-97 (1997); see also Clyburn v. West, 12 Vet. App. 296, 302 (1999). Continuity of symptomatology may be established if a claimant can demonstrate (1) that a condition was "noted" during service; (2) evidence of post-service continuity of the same symptomatology; and (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post-service symptomatology. Savage, 10 Vet. App. at 495-96; see Hickson, 12 Vet. App. at 253 (lay evidence of in-service incurrence sufficient in some circumstances for purposes of establishing service connection); 38 C.F.R. § 3.303(b). Only for claims involving chronic diseases under 38 C.F.R. § 3.309(a) is service connection possibly solely on the basis of continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Service connection may also be granted for a disease first diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

In adjudicating this claim, the Board must assess the Veteran's competence and credibility. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368- 69 (2005).

In Barr v. Nicholson, 21 Vet. App. 303 (2007), the Court emphasized that lay testimony is competent if it pertains to matters that the witness has actually observed and is within the realm of the witnesses personal knowledge. See 38 C.F.R. § 3.159(a)(2) ("Competent lay evidence means any evidence not requiring that the proponent have specialized education, training or experience. 
Lay evidence is competent if it is provided by a person who has knowledge of the facts or circumstances and conveys matters that can be observed and described by a lay person.").

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 
1 Vet. App. 49, 53 (1990). 

There are no statutes specifically dealing with asbestos and service connection for asbestos related diseases and the Secretary of VA has not promulgated any specific regulations. However, in 1988, VA issued a circular on asbestos-related diseases that provided guidelines for considering asbestos compensation claims. See Department of Veterans Benefits, Veterans Administration, DVB Circular 21-88-8, asbestos-related diseases (May 11, 1988). The information and instructions contained in the DVB Circular are included in VBA's Adjudication Procedures Manual, M21-1, IV.ii.2.C.2. In addition, an opinion by VA's Office of General Counsel discussed the development of asbestos claims. See VAOPGCPREC 
4-2000.

VA has acknowledged that a relationship exists between asbestos exposure and the development of certain diseases, which may occur 10 to 45 years after exposure. See M21-1, IV.ii.2.C.2.f. When considering VA compensation claims, rating boards have the responsibility of ascertaining whether or not military records demonstrate evidence of asbestos exposure in service and of ensuring that development is accomplished to ascertain whether or not there was pre-service and/or post-service evidence of occupational or other asbestos exposure. A determination must then be made as to the relationship between asbestos exposure and the claimed diseases, keeping in mind the latency and exposure information noted above. M21-1, IV.ii.2.C.2.h.

The Manual notes that asbestos particles have a tendency to break easily into tiny dust particles that can float in the air, stick to clothes, and may be inhaled or swallowed. Inhalation of asbestos fibers can produce fibrosis and tumors. The most common disease is interstitial pulmonary fibrosis (asbestosis). Asbestos fibers may also produce plural effusion and fibrosis, pleural plaque, mesotheliomas of pleura and peritoneum, lung cancer, and cancers of the gastrointestinal tract. The Manual also notes that lung cancer associated with asbestos exposure originates in the lung parenchyma, rather than the bronchi. M21-1, IV.ii.2.C.2.b.

Occupations involving asbestos exposure include mining and milling, shipyard and insulation work, demolition of old buildings, construction, manufacture and servicing of friction products such as clutch products and brake linings, manufacture and insulation of roofing and flooring materials, sheet and pipe products, and so forth. High exposure to asbestos and the high prevalence of disease have been noted in insulation and shipyard workers. The clinical diagnosis of asbestosis requires a history of asbestos exposure and radiographic evidence of parenchymal lung disease. M21-1, IV.ii.2.C.2.g. 

The Board notes that the pertinent parts of the M21-1 guidelines of service connection in asbestos-related cases are not substantive rules, and there is no presumption that a Veteran was exposed to asbestos in-service.

The Veteran had active service in the United States Navy and his military occupational specialty was surface sonar technician. 08/13/2007 DD 214 Certified Original - Certificate of Release or Discharge from Active Duty. The Veteran claims a respiratory disability due to asbestos exposure while aboard the USS Hopewell. 08/21/2014 Hearing Testimony at 3-4; 03/16/2010 Correspondence and Buddy/Lay statement. In this case, asbestos exposure is deemed consistent with the circumstances of the Veteran's service in the Navy. 38 U.S.C.A. § 1154(a). Thus, asbestos exposure has been established as consistent with the circumstances service. However, again, it is important to note that mere exposure to asbestos is insufficient to achieve service connection. Rather, the evidence must show that any exposure caused a Veteran to develop a chronic disease.

A February 2010 chest x-ray reflects central interstitial prominence with peribronchial cuffing raising the question of bronchitis with an association with basilar atelectatic changes. 09/21/2016 Medical Treatment Record-Non-Government Facility at 60.

The Veteran underwent an April 2010 VA examination which reflected a normal chest x-ray with a few scattered nodulars consistent with healed granulomas, but no plaques or pleural or diaphragmatic calcification pathognomonic of asbestosis and no interstitial changes which are highly suspicious for asbestosis. Pulmonary function tests were actually super-normal, all being greater than 100% of predicted. The FEF-25/75 was 132 % of predicted and post bronchodilators. The examiner found it unlikely that the Veteran has diagnosable pulmonary asbestosis.

Correspondence dated in June 2014 from M.M., M.D., of Saline Med Peds Group, reflects that the Veteran has chronic shortness of breath with work up showing a normal heart. He has had an abnormal chest x-ray showing some interstitial disease which could certainly be consistent with asbestosis. He has known exposure to asbestos from his time in the service. In light of no other findings to explain his lung disease, Dr. M.M. felt it reasonable to assume that these are related and that the cause of his dyspnea is chronic lung disease related to asbestos exposure while in the armed forces. 09/09/2014 Medical Treatment Record-Non-Government Facility at 2. 

A June 2014 private treatment record from Dr. M.M. reflects shortness of breath. The examiner noted that his x-ray shows some interstitial disease though apparently otherwise is negative. 09/21/2016 Medical Treatment Record-Non-Government Facility at 37. A July 2014 record reflects a diagnosis of chronic obstructive pulmonary disease (COPD). Id. at 42. 

In October 2016, the Veteran underwent a VA examination. The examiner noted that interstitial lung disease had been diagnosed, and also noted that he had been treated for COPD. The examiner could not find the x-ray report which reflected interstitial changes. An October 2016 x-ray report reflects obliques which revealed clear lung fields with no evidence of pleural thickening or pleural calcifications. The examiner found no asbestos lung disease and a radiologist reviewed the chest x-ray which did not reveal any changes consistent with asbestos. 10/20/2016 C&P Exam. While the examiner found no asbestos lung disease, the examiner did not address the etiology of his COPD, to include whether it is due to asbestos exposure or due to other in-service exposures. Also, the examiner did not have the benefit of review of the February 2010 chest x-ray which showed central interstitial prominence with peribronchial cuffing raising the question of bronchitis with an association with basilar atelectatic changes, even though this chest x-ray had been associated with the virtual folder. For these reasons, such opinion is entitlement to limited probative weight and a further opinion was sought.

In November 2017, a VA examiner reviewed the claims folder including lay statements, the February 2010 x-ray report and an August 2014 pulmonary referral note. The examiner opined that it is less likely as not that the Veteran's COPD is related to his active duty service, exposures including asbestos while in the service or respiratory conditions occurring in the service. The examiner's opinion was based on reviewing service treatment records that were silent for any pulmonary/respiratory symptoms or conditions; the separation physical exam concerning respiratory segment was normal; and, there were no post-service medical records within 12 months of discharge relating an acute or chronic respiratory condition. With regard to the comment pertaining to interstitial lung disease, the examiner stated that the official reading of the chest x-ray was central interstitial prominence with peribronchial cuffing changes raising the question of bronchitis, recommend follow-up chest x-ray. The examiner noted that the Veteran was referred to a pulmonologist and his report stated that the Veteran had normal spirometry and chest x-ray. There was no mention of interstitial disease, asbestos lung disease or bronchitis. His plan was for other testing including methycholine challenge, cardiopulmonary testing and further pulmonary function testing. The follow-up visit with these results were not furnished in VBMS but on the next visit to the Veteran's primary care doctor the medical problem list included COPD. The examiner noted that the Veteran has a documented history of smoking for many years and it is a primary cause of COPD. The examiner could not find any objective medical from review of his records or on exam that the Veteran has asbestos lung disease, interstitial lung disease or acute bronchitis. He has a diagnosis of COPD per both his VA primary care provider and private primary care provider and as stated above this is more likely than not related to his smoking. Concerning any respiratory conditions in service, the examiner could not locate any respiratory illnesses in the service that would lead to a chronic pulmonary condition. Concerning any other environmental exposures causing a respiratory condition, the examiner could not locate any in his service medical record. The examiner stated that the October 2016 VA x-ray did not show any evidence of asbestos. 

Based on the above, the evidence of record does not support that the Veteran has a disability manifested by asbestos exposure, to include asbestosis. As detailed hereinabove, in order for there to be a clinical diagnosis of asbestosis, one of the requirements must be radiographic evidence of parenchymal disease. The Veteran has not submitted any medical evidence that contains a specific impression or a diagnosis of a specific disease manifested by asbestos exposure. As detailed by the November 2017 VA examiner, with regard to the comment pertaining to interstitial lung disease, it was explained that the official reading of the chest x-ray was central interstitial prominence with peribronchial cuffing changes raising the question of bronchitis, and subsequent exams did not show interstitial disease - rather COPD was diagnosed. The evidence does not otherwise reflect a disease shown related to asbestos exposure. There is no radiographic evidence of an asbestos-related disability.

With regard to whether he has a respiratory disability directly related to service, service treatment records are negative for any complaints or diagnoses of disabilities affecting the respiratory system. A September 1967 Report of Medical History reflects that the Veteran checked the 'No' boxes for 'shortness of breath' and 'pain or pressure in chest.' September 1964 and August 1968 Reports of Medical Examination reflect that his 'lungs and chest' were clinically evaluated as normal. 12/04/2007 STR-Medical.

Post-service treatment records reflect that the claimed condition was diagnosed in or about 2010, thus many years after separation from service. See 12/02/2009 Medical Treatment Record-Non-Government Facility. With respect to negative evidence, the Court has held that the fact that there was no record of any complaint, let alone treatment, involving the Veteran's condition for many years is a factor for consideration. See Maxson v. West, 12 Vet. App. 453, 459 (1999), affirmed sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (noting that it was proper to consider the veteran's entire medical history, including a lengthy period of absence of complaints). The Board has also considered whether, even though not documented in treatment reports, there is lay evidence of continuity of respiratory disability since service. However, the Veteran has not contended to have had symptomatology dating back to service, rather he asserts that his conditions manifested due to asbestos or other exposures. Thus, an allowance of service connection solely based on continuity is not warranted here. 

With regard to whether the Veteran's claimed respiratory condition is due to exposures in service, as detailed hereinabove, the November 2017 VA examiner has opined that his COPD is not due to asbestos or other exposure, but rather is due to his history of smoking. The opinion of the November 2017 VA examiner leads to a finding that the Veteran's respiratory disability did not manifest during service and are not otherwise due to service. The Board finds the November 2017 examiner's opinion as being the most probative medical evidence on the subject, as such were based on a review of all historical records, and contain detailed rationale for the medical conclusions. Given the depth of the examination reports, and the fact that the opinions was based on a review of the applicable record, the Board finds such opinion is probative and is given considerable weight. 

The Board has considered the Veteran's contention that a relationship exists between his respiratory disability and his in-service exposures. The Veteran, however, is not competent to offer an opinion as to the etiology of this condition as he does not have the requisite medical expertise. Indeed, a veteran's ability to render an opinion of etiology is limited to observable, immediate cause-and-effect relationships, such as a fall leading to a broken leg. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). The Board is cognizant of the fact that the Veteran believes that he has a disability due to exposure to asbestos and other exposures during service; however, he lacks the medical expertise necessary to diagnose a specific medical disability or conclude any condition is etiologically related to these exposures. As noted in the M21-1, asbestos is a fibrous form of silicate mineral of varied chemical composition. Asbestos is complex and effects of it on the human body are also complex. As such, the finds the Veteran's testimony/statements regarding the etiology of his respiratory disability to not be competent and hold no weight. However, due to his lay assertions, VA opinions were sought, and the probative November 2017 opinion was negative. 

As a condition associated with the respiratory system was not shown in service, and the records contain no suggestion of a causal link between his respiratory disability and active service, to include in-service exposures, the Board finds that the preponderance of the evidence is against the Veteran's claim of service connection. 

In sum, the Board finds that the preponderance of the evidence is against the Veteran's claim of service connection for a respiratory disability. It follows that the Board is unable to find such a state of approximate balance of the positive evidence to otherwise warrant a favorable decision. 38 U.S.C. § 5107(b).

ORDER

Service connection for a respiratory disability is denied.




____________________________________________
Paul Sorisio
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs